## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:06CV3169 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| LANCASTER COUNTY NEBRASKA, | ) | |
| Individually and In Their Official | ) | |
| Capacities, THOMAS MCMILLAN, | ) | |
| Individually and In Their Official | ) | |
| Capacities, MICHAEL HATFIELD, | ) | |
| Individually and In Their Official | ) | |
| Capacities, JAIME BUSTAMANTE, | ) | |
| Individually and In Their Official | ) | |
| Capacities, JERRY DILLION, | ) | |
| Individually and In Their Official | ) | |
| Capacities, GERALD HAUDER, | ) | |
| Individually and In Their Official | ) | |
| Capacities, CURTIS SCHELL, | ) | |
| Individually and In Their Official | ) | |
| Capacities, and RUBEN CEBALLOS, | ) | |
| Individually and In Their Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is on the Plaintiff Jerome Davis's Notice of Appeal/Basis of Appeal Combined (Filing No. 46), in which Mr. Davis appeals the Show Cause Order (Filing No. 44) issued by Magistrate Judge Gossett. For the reasons set forth below, Mr. Davis's motion is denied, and the Show Cause Order is affirmed.

### Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure governs the disposition of this matter. Rule 72(a) states that, for nondispositive matters, "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order. . . . The district judge to whom the case is assigned shall consider such

objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* NECivR 72.2(a). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). Accordingly, this Court will reverse such an order only if it is clearly erroneous or contrary to law.

### Procedural History

On July 14, 2006, Mr. Davis filed a Complaint (Filing No. 1), against Lancaster County, Nebraska, and several correctional officers in their official and individual capacities, alleging 42 U.S.C. § 1983 violations. Mr. Davis states in his Complaint that on March 12, 2005, he was sitting in his cell when he was attacked by the Defendants and shocked into a paralyzed state "with an electronic restraint shield device." (Filing No. 1, p. 1–2).

After the discovery stage of the litigation started, Mr. Davis filed a request for photographs of various areas of the prison, including "B-Unit," the "subday" room, and Mr. Davis's cell at various angles. After the Defendants responded that no such pictures existed, Mr. Davis filed a Motion for an Order Compelling Discovery (Filing No. 36), seeking an order compelling the Defendants to produce such photographs. The Defendants filed a brief in opposition to the motion to compel (Filing No. 38), and the magistrate judge ordered that Mr. Davis show "how the requested discovery is reasonably calculated to lead to discovery of admissible evidence." (Filing No. 44, p. 1). Mr. Davis asked that an Article III judge review the magistrate judge's order. (Filing No. 46). In support of his appeal, Mr. Davis stated that "we have shown cause and obviously the Magistrate doesn't understand

that us being a prisoner enables us from complying to Rule 34(2) of the 'F.R.C.P.'  and furthermore its already been established that any request pertaining to evidence relevant to the subject matter involved in the pending action 'we have a legal right to' (see: Rule 26(b)(1) 'F.R.C.P.') in which Defendants are intentionally depriving us of with the sole purpose as to harrass [sic] and delay the process of discovery."  (Filing No. 46, p. 1).

### Discussion

As the magistrate judge noted, Rule 34 of the Federal Rules of Civil Procedure states that "any party may serve on any other party a request . . . (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing . . . within the scope of Rule 26(b)."  Fed. R. Civ. P. 34.  Rule 26(b) requires that the discovery requested be relevant to the claim or defense of the party.  Relevant information must appear reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).

If the relevance of the discovery that is the subject of a motion to compel is not apparent to a court, it is incumbent on the party seeking the motion to compel to explain the relevance.  Indeed, I note that the magistrate judge in this case did not deny the motion to compel out of hand, but rather asked that Mr. Davis explain his reasons for wanting those particular photographs.  I do not find that the magistrate judge's order was clearly erroneous or contrary to the law.

IT IS ORDERED:

1.     The Plaintiff Jerome Davis's Notice of Appeal/Basis for Appeal Combined (Filing No. 46) is denied; and

3

2.      The magistrate judge's January 22, 2007, Show Cause Order (Filing No. 44)

is affirmed.

DATED this 26th day of March, 2007.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge